Filed 11/18/15  P. v. McFarland CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DOUGLAS SCOTT MCFARLAND,<br><br>Defendant and Appellant. | C079287<br><br>(Super. Ct. No. 14F2419) |

A jury found defendant Douglas Scott McFarland guilty of, inter alia, eight counts of aggravated sexual assault, by means of sexual penetration, of a child under the age of 14.  Defendant now challenges five of these sexual penetration convictions, claiming there was insufficient evidence to support all eight convictions.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The victim was born on July 13, 1997.  When she was around two years old, she began living solely with her father, defendant.  At that time, defendant began molesting the victim.  While she was between the ages of two and four years old, defendant "rub[bed] [her] vagina" "multiple times."  When she was five or six, defendant began "putting his fingers inside of [the victim's vagina]."  Before defendant was arrested, the

1

victim told City of Redding Police Investigator Elizabeth Harris that defendant "put his fingers inside of her vagina" "at least once a month, if not more." At trial, the victim testified that she could not remember if defendant put his fingers inside of her vagina on more than two occasions. Most of the touching did not stop until she was around 13 years old.

The prosecutor charged defendant with multiple counts of aggravated sexual assault of a child, by means of rape, oral copulation, and sexual penetration, and multiple counts of lewd or lascivious acts with a child under 14 years of age.[1] At trial, defendant testified that the charges against him were "[b]asically true," but he later recanted his admission, stating he "did not stick [his] penis [or his fingers] inside [the victim's] vagina." The jury found defendant guilty of all the crimes with which he was charged, and the court sentenced defendant to an aggregate prison term of 285 years to life.

## DISCUSSION

Defendant concedes that the victim's testimony that when she was five or six, he put his fingers into her vagina, but she could not remember if it occurred on more than two occasions, supported his conviction of two of the eight sexual penetration counts. Defendant also concedes that the victim's testimony that when she was between four and six years old he put his fingers in her vagina supports his conviction of another of the eight counts. Thus, defendant contends the "evidence adduced at trial supports conviction on three counts [of sexual penetration], but not all eight." We disagree.

As an initial matter, defendant argues that the victim could not remember if defendant put his fingers inside her vagina on more than two occasions. This argument ignores the fact that there was evidence offered in the form of prior inconsistent

---

[1] Because defendant does not challenge his convictions for the crimes arising out of sexual intercourse or oral sex with the victim, we do not need to describe the facts related to those acts.

2

statements, namely Investigator Elizabeth Harris's testimony that before defendant's arrest, the victim told her that defendant "put his fingers inside her vagina" "at least once a month if not more."

"On appeal, the test of legal sufficiency is whether there is substantial evidence, i.e., evidence from which a reasonable trier of fact could conclude that the prosecution sustained its burden of proof beyond a reasonable doubt. [Citations.] Evidence meeting this standard satisfies constitutional due process and reliability concerns. [Citations.] [¶] While the appellate court must determine that the supporting evidence is reasonable, inherently credible, and of solid value, the court must review the evidence in the light most favorable to the [judgment], and must presume every fact the jury could reasonably have deduced from the evidence. [Citations.] Issues of witness credibility are for the jury." (*People v. Boyer* (2006) 38 Cal.4th 412, 479-480.)

The first sexual penetration count alleged the sexual penetration occurred between July 13, 2000, and July 13, 2003. The victim testified that defendant "rub[bed] [her] vagina" "multiple times" with his fingers when she was between the ages of two and four, which would have been from 1999 to 2001. As the People correctly note, "[s]exual penetration of a female victim is not limited to vaginal entry, but also encompasses penetration of the external female genitalia." (See *People v. Quintana* (2001) 89 Cal.App.4th 1362, 1371.) Therefore, substantial evidence supported the jury's finding defendant guilty of the sexual penetration count alleged for the period between July 13, 2000, and July 13, 2003.

The other seven sexual penetration counts alleged the sexual penetration occurred between July 13, 2003, and July 13, 2006. The victim testified that defendant first put his fingers inside her vagina when she was five or six years old, which would have been around 2002 or 2003. While she testified she could not recall if defendant put his fingers inside her vagina more than twice, she told Investigator Harris before defendant's arrest that he "put his fingers inside her vagina" "at least once a month, if not more." The

3

victim also testified that most of the touching did not stop until she was around 13, which would have been in 2010.  As the People again correctly note, "a victim need only describe the kind of act or acts committed, the number of acts, and the approximate time period when the acts occurred[;] [g]eneric time descriptions like ' "twice a month" ' . . . suffice." (See *People v. Jones* (1990) 51 Cal.3d 294, 316.)  Therefore, because defendant began putting his fingers inside the victim's vagina when she was five or six in 2002 or 2003,  she told Investigator Harris that defendant would put his fingers inside of her vagina "at least once a month, if not more," and she testified that most of the touching did not stop until she was 13, the jury could have reasonably concluded that defendant sexually penetrated the victim on at least the seven occasions alleged in the information for the period between July 13, 2003, and July 13, 2006.

More importantly, defendant testified that all of the charges against him were "[b]asically true," and even though defendant later recanted his admission, the jury could have nonetheless chosen to believe and rely on defendant's admission.  Thus, the evidence reasonably showed defendant sexually penetrated the victim on at least the eight occasions alleged in the information, and therefore, substantial evidence supported the jury's finding defendant guilty of all eight sexual penetration counts.

DISPOSITION

The judgment is affirmed.

/s/_____<br>
Robie, J.

We concur:


/s/_____
Nicholson, Acting P. J.


/s/_____
Duarte, J.

4